[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 ISSUES
The Court has before it two post judgment motions by the Plaintiff, to wit: Motion for Post Judgment Modification of Support and Tax Exemptions and a Post Judgment Motion for Order relating to the payment of un-reimbursed medicals for the minor children. The matter was originally scheduled to be heard on March 20, 2000, but was continued to April 24, 2000, by agreement of the parties, with all orders retroactive to March 20, 2000. At the time of the hearing, Counsel for the Plaintiff represented to the Court that his client would not press that portion of the first motion dealing with the tax exemptions, and therefor the Court has not considered same. As to the issue of un-reimbursed medicals, including orthodontia, the parties have reached a stipulated agreement, which they have committed to writing and submitted to the Court.
Accordingly, the remaining issues to be determined are:
 1) Has there been a substantial change of circumstances since the date of the last order which would warrant a modification of child support?
and
 2) Under the present circumstances, should the deviation criteria previously agreed to by the parties still apply?
In addition, the Plaintiff has asked the Court to enter an Immediate Wage Withholding Order for child support, or, in the alternative, give the Defendant the opportunity to make voluntary arrangements with his employer to have the monies automatically withheld and directly deposited in an account for the Plaintiff.
 FINDINGS
The Court having heard the testimony of both parties and reviewed the financial affidavits, and having considered the CT Page 4817 factors enumerated in Sections 46b-84, 46b-86 (a), and 46b-215a et. seq. C.G.S., including the Child Support and Arrearage Guidelines Regulations, finds as follows:
 1) That there has been a substantial change in circumstances, in that:
A. The Defendant's net income has increased;
 B. With the exception of the child support paid by the Defendant, the weekly living expenses for the Plaintiff and the minor children are paid by her current husband and have been significantly reduced since the date of the last order.
 C. In addition, the Plaintiff's voluntary move to the State of New Jersey with the minor children is a factor in the Court's decision, in that the Defendant has incurred and will continue to incur significant loss of visitation midweek, increased costs to exercise visitation, and increased travel time.
2) That the Plaintiff voluntarily left her employment.
 3) That the Plaintiff has an earning capacity of at least $302.00 per week net.
 4) That based upon the respective financial affidavits of the parties and the earning capacity of the Plaintiff, the presumptive level of child support would be $266.00 per week.
 5) That at the time of the original decree, the parties agreed that a deviation from the Child Support Guidelines would be appropriate in order that the Defendant be able to "live in a suitable environment for visitation," and, in addition, in return for his assumption of the mortgage for the premises at 66 Townhouse Road, Hamden, CT, as well as a waiver of a claim against the assets of the Plaintiff.
 6) That it is in the best interest of the minor children CT Page 4818 that the Defendant be in a financial position to continue to maintain his current residence as a suitable environment for visitation with the minor children, and. therefore, a continued deviation from the Child support Guidelines would be appropriate. Specifically, the Court applies the criteria set forth in Section 46b-215a-3
(b)(1)(B) and (D), in that the Plaintiff has earning capacity and receives regularly recurring contributions from her spouse, as well as subsection (b)(3)(A) in that the Defendant has incurred increased visitation expenses, and subsection (b)(5)(A) in light of the previous division of assets and liabilities, in particular, the Defendant's continued assumption of the joint mortgage obligation. However, the Court finds that it would be equitable under all the circumstances to modify the amount by which the Guidelines have been deviated from.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The Plaintiff's Motion to Modify the Child Support is granted, and that, effective March 20, 2000, and weekly thereafter, the Defendant shall pay to the Plaintiff as and for Child Support, the sum of $160.00.
 2. The Plaintiff's Motion to Modify the Tax Exemptions is hereby denied, without prejudice.
 3. The Plaintiff's Motion for Order is hereby granted by agreement in accordance with the written Stipulation of the parties on file with this Court.
 4. The Plaintiff's request for an Immediate Wage Withholding Order is granted, but execution is suspended for thirty (30) days subject to the Defendant's right to make voluntary arrangements with his current employer for the automatic withholding and deposit of the child support in an account for the benefit of the Plaintiff, as she may direct, and in the event of a default by the Defendant to do so within said time, the Immediate Wage Withholding Order shall become effective without further action by the Plaintiff.
THE COURT, CT Page 4819
Shay, J.